UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

v.

KARI KING and JERRY RIENER,

        Defendants.

C13-433 TSZ

ORDER

THIS MATTER comes before the Court on (i) the motion of plaintiff Allstate Insurance Company ("Allstate") for summary judgment on defendant Kari King's counterclaim, docket no. 21, and (ii) King's motion for leave to amend her counterclaim, docket no. 23. Having reviewed all papers filed in support of, and in opposition to, each motion,[1] the Court enters the following order.

**Background**

Allstate initiated this declaratory judgment action in March 2013, naming as defendants Kari King and Jerry Riener. *See* Complaint (docket no. 1). King and Riener were, respectively, the plaintiff and the defendant in an action in Snohomish County

---

[1] King's motion, docket no. 29, to strike portions of Allstate's reply, docket no. 25, and supporting declaration, docket no. 26, is DENIED.

ORDER - 1

Superior Court.  In the state court litigation, King sued Riener for negligence based on events occurring in April 2005 at a house-warming party in Everett, Washington.  <u>See</u> Am. Compl. (Sno. County Sup. Ct. No. 08-2-03183-5), Ex. B to Foley Decl. (docket no. 26-2).  Allstate brought this suit to obtain declaratory relief absolving it of any duty to defend Riener and any duty to indemnify pursuant to a condominium owner's insurance policy issued by Allstate to Riener.  In May 2013, King filed a counterclaim alleging that Allstate's declaratory judgment action "constitutes an abuse of the litigation process."  Answer (docket no. 19).  On June 13, 2013, a jury rendered a verdict in the state court matter in favor of King and against Riener in the amount of $25,060.  Foley Decl. at ¶ 2 (docket no. 22).  Allstate and Riener subsequently reached a settlement pursuant to which Allstate agreed to indemnify Riener as to the judgment obtained against him by King.  This settlement rendered moot the declaratory judgment action instituted by Allstate, and the only remaining issue before the Court is King's counterclaim, concerning which Allstate now seeks summary judgment.  King proposes to amend her counterclaim to plead malicious prosecution.  Allstate opposes King's motion.

**Discussion**

Summary judgment shall be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In commencing this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, Allstate had both the right and the obligation to name as defendants the parties to the underlying state court litigation.  <u>See</u> Fed. R. Civ. P. 19(a); <u>Greenwich Ins. Co. v. Rodgers</u>, 729 F. Supp. 2d 1158, 1164-65 (C.D. Cal. 2010) (in a declaratory judgment action brought by an

ORDER - 2

insurer, granting the insured's motion for compulsive joinder of a passenger injured in the automobile accident at issue); *Colony Ins. Co. v. Events Plus, Inc.*, 585 F. Supp. 2d 1148, 1156-57 (D. Ariz. 2008) (characterizing as "well-settled" the principle that an injured person is a necessary party in an action for declaratory judgment concerning insurance coverage); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Mass. Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 322-23 (D. Mass. 1987) (declining the underlying claimant's motion to be "dropped" as a party in the related declaratory judgment action brought by the insurer); *see also* *Ga.-Pac. Corp. v. Sentry Select Ins. Co.*, 2006 WL 1525678 (S.D. Ill. May 26, 2006) (recognizing that the underlying tort claimant is not a necessary or indispensable party with regard to the duty-to-defend portion of an insurer's declaratory judgment action, but is required to be joined under Rule 19 as to the indemnification portion of such action). King's counterclaim, whether pleaded under an abuse of process or malicious prosecution theory, which is premised solely on Allstate having named her as a defendant in this declaratory judgment action, has no merit.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) King's motion for leave to amend her counterclaim, docket no. 23, is DENIED;

(2) Allstate's motion for summary judgment, docket no. 21, as to King's counterclaim is GRANTED, and King's counterclaim is DISMISSED with prejudice;

ORDER - 3

(3) Allstate's separate request that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is DENIED without prejudice; Allstate has not submitted the requisite stipulation of dismissal signed by all parties who have appeared;

(4) Allstate's motion for voluntary dismissal is treated as brought under Federal Rule of Civil Procedure 41(a)(2), which requires the Court to address the status of Riener's still pending counterclaim; the parties are DIRECTED to file a Joint Status Report, within fourteen (14) days of the date of this Order, concerning whether Riener's counterclaim may be dismissed with prejudice pursuant to the settlement between him and Allstate, and whether Allstate's claim for declaratory relief may be dismissed with prejudice and without costs as moot pursuant to Federal Rule of Civil Procedure 41(a)(2); and

(5) The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 19th day of September, 2013.

THOMAS S. ZILLY
United States District Judge

ORDER - 4